**Gary S. SMITH, Plaintiff–Appellant,**

v.

**CLOPAY PRODUCT COMPANY,
Defendant–Appellee.**

No. 03–5878.

United States Court of Appeals,
Sixth Circuit.

Feb. 2, 2004.

Gary S. Smith, Maysville, KY, for Plaintiff-Appellant.

Robert D. Hudson, Greenebaum, Doll & McDonald, Covington, KY, for Defendant-Appellee.

Before: BATCHELDER, GIBBONS, and COOK, Circuit Judges.

## ORDER

Gary S. Smith, a Kentucky resident proceeding pro se, appeals the district court's summary judgment for the defendant in this civil rights action filed pursuant to the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101, et seq. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

The facts underlying this lawsuit are adequately set forth in the district court's memorandum opinion and will not be repeated here. Suffice it to say that Smith filed a complaint against Clopay Product Company alleging that while he was employed by the defendant he was discriminated and retaliated against in violation of the ADA. Smith alleges that he suffers from a congenital nerve problem which has caused his hands to tremble since his early youth. He was hired by Clopay in July of 1990; at some point was promoted to Operator Technician III; has operated various production machines during his employment; and experienced no problems operating the extrusion machine which he was assigned to operate.

Smith alleges that when he was assigned a new supervisor, named Pam Teegarden, she began to harass and intimidate him, claiming that he could not effectively operate the machine. Smith was purportedly subjected to this behavior from January of 1999 until February of 2000 because Teegarden perceived him to have a disability. During this time, in October of 1999, he filed an internal complaint regarding Teegarden's harassment and discriminatory

conduct. Thereafter, in late November 1999, Smith requested and received a medical leave of absence, allegedly because of the harassment and in retaliation for reporting the harassment. He returned to work in February 2000, and continued his Operator Technician III position without restrictions. By the time Smith returned to work, Ms. Teegarden had left the plant. Ultimately, however, on June 23, 2001, Smith requested a second leave of absence, which his physician advised would have to be indefinite. Smith never returned to work and his employment was terminated by Clopay on March 23, 2002, based on his continued need for indefinite medical leave.

The defendant filed a motion for summary judgment on Smith's claims under the ADA on September 30, 2002, but disposition of the motion was delayed in order to permit the parties time to pursue private mediation. Those efforts proved unsuccessful. The parties thereafter consented to trial before Magistrate Judge J. Gregory Wehrman pursuant to 28 U.S.C. § 636(c). Magistrate Judge Wehrman granted summary judgment for the defendant because Smith failed to prove the fundamental elements of his claims to make out a prima facie case of discrimination or retaliation under the ADA, and failed to prove that the defendant's proffered reasons for its employment actions were pretextual. This appeal followed.

Upon review of the briefs and the record, we affirm the district court's judgment. Because the magistrate judge articulated specific and thorough reasons for the decision, the issuance of a detailed written opinion would be duplicative and would serve no useful purpose.

Accordingly, we affirm the district court's judgment for the reasons stated in the memorandum opinion and judgment entered on June 9, 2003.